# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**STEARNS BANK, N.A.,**

      **Plaintiff,**

**v.**                                        **Case No.  8:10-cv-518-T-30EAJ**

**FINAL FINAL FINAL, in rem, et al.,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment on Verified Complaint and Memorandum of Law (Dkt. 37).  On December 8, 2010, the Court issued an order to show cause regarding Defendants' failure to respond to the motion and provided Defendants with an additional eleven days to file their response.  Defendants failed to file a response.   The Court, having considered the motion, record evidence, and being otherwise advised of the premises, concludes that the motion should be granted.

## BACKGROUND

Plaintiff Stearns Bank, N.A., as successor to First State Bank by asset acquisition from the FDIC as receiver for First State Bank ("Plaintiff") brought this action to foreclose a preferred ship mortgage, enforce a maritime lien, and recover damages for breach of contract. By agreement of the parties, Defendant FINAL FINAL FINAL (the "Vessel") was subsequently sold.  Thus, the only remaining issue for consideration by this Court is the

amount of Plaintiff's breach of contract claim against Defendant Suzanne Letourneau ("Letourneau").

Regarding this claim, the undisputed facts reflect that on or about October 31, 2005, Letourneau executed and delivered to First State Bank a Promissory Note, Preferred Ship Mortgage, and Commercial Security Agreement (collectively, the "Loan Documents"). The undisputed facts also reflect that Letourneau subsequently defaulted on the terms of the Loan Documents by failing to make payments as they came due. First State Bank was taken over by the FDIC and the FDIC assigned the Loan Documents to Plaintiff. As a result of Letourneau's defaults, Plaintiff accelerated the full amount of Plaintiff's obligation and demanded payment.

The record reflects that as of November 19, 2010, Plaintiff's obligation under the Loan Documents was in the principal amount of $181,628.47, with non-default interest in the amount of $5,613.78 (to November 30, 2009), default-rate interest in the amount of $27,310.64 (November 30, 2009 to November 19, 2010), late charges in the amount of $948.36, maintenance/repair fees in the amount of $2,449.43, storage fees in the amount of $968.36, insurance in the amount of $2,250, incoming wire fee in the amount of $10, minus the agreed upon sales credit for the sale of the Vessel in the amount of $100,000 for a total net amount of $121,179.04.

The Loan Documents additionally allow Plaintiff to recover its attorneys' fees, costs, and related compensable expenses incurred in prosecuting and enforcing its rights and remedies under the Loan Documents. The record reflects that Plaintiff has paid or is

obligated to pay its attorneys $11,547 as fees for its services rendered in this action.  The record also reflects that, as of November 19, 2010, Plaintiff expended $3,801.17 in costs in connection with the prosecution of this action.

## DISCUSSION

### I.   Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  Id.  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor.  Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  The evidence must be significantly probative to support the claims.  *Anderson*,  477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990).  "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990).   However, there must exist a conflict in substantial evidence to pose a jury question.  *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the motion.  *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam).  The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials.  *Id.*  At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.  *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether

they establish the absence of a genuine issue of material fact.").  In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

## II.     Plaintiff's Motion for Summary Judgment

Upon consideration of the merits of Plaintiff's motion, including a review of the record in this case, the Court concludes that Plaintiff is entitled to summary judgment on the remaining issue in its complaint, i.e., Letourneau's breach of the Loan Documents.  As set forth herein, Plaintiff's affidavit as to amounts due and owing (Dkt 37-1) reflects damages in the amount of $121,179.04.  The affidavit of Plaintiff's attorney (Dkt. 37-3) also reflects attorneys' fees and costs in the amount of $15,898.17, which this Court concludes are reasonable.

Finally, although Defendants' answer filed in this case asserts a number of boilerplate defenses, the record reflects no facts to support any viable defense to the breach of contract claim.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion for Summary Judgment on Verified Complaint and Memorandum of Law (Dkt. 37) is hereby GRANTED.

2.      The CLERK is directed to enter final judgment in favor of Plaintiff and against Defendant SUZANNE LETOURNEAU in the amount of $137,077.21, which amounts to damages and attorneys' fees and costs resulting from Letourneau's breach of the Loan

Documents as set forth herein.  The amount of this judgment shall accrue interest, post-judgment, pursuant to the statutory rate.

      3.      The CLERK is directed to close this case and terminate any pending motions as moot.

      **DONE** and **ORDERED** in Tampa, Florida on December 29, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-518.msj37.frm